# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JESNER MALIVERT, ON HIS OWN
BEHALF AND OTHERS SIMILARLY
SITUATED,

                        **Plaintiffs,**

-vs-                                            Case No.  6:06-cv-1118-Orl-28KRS

COVERT PAINTING, INC.,

                        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATED FINAL JUDGMENT** (Doc. No. 30) |
| **FILED:** | **March 2, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought by Plaintiff Jesner Malivert under the Fair Labor Standards Act (FLSA), as a collective action.  29 U.S.C. § 201, *et seq.*  Doc. No. 1.  Plaintiff Hantz Laborde filed a consent to join.  Doc. No. 20.  No other persons have joined as plaintiffs.

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor

supervises the payment of back wages or when the district court enters a stipulated judgment "after

scrutinizing the settlement for fairness."  679 F.2d 1350, 1352-55 (11th Cir. 1982).

On March 16, 2007, I held a hearing to consider the fairness of the settlement.  Counsel stated

that under the settlement agreement, Plaintiffs Malivert and Laborde would receive the full amount

claimed under the FLSA.  Because Malivert and Laborde will receive all of the compensation to which

they might have been entitled, I conclude that the settlement is a "fair and reasonable resolution of a

bona fide dispute over FLSA provisions." *Id.* at 1354.

However, paragraph 2B of the settlement agreement contains a confidentiality agreement that

should not be approved by the Court.  In order for the settlement agreement to be approved, it was

necessarily filed in the public record in this case.  As such, the settlement agreement is no longer

confidential.

Accordingly, I respectfully recommend that the Court do the following:

(1)      dismiss the collective action allegations in the complaint;

(2)      approve the settlement agreement submitted with the joint motion, doc. no. 30-2, as

to Malivert and Laborde only, except for the confidentiality provision in paragraph 2B

of the settlement agreement;

(3)      dismiss the case with prejudice; and

(4)     direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy